## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Rolando Lizazu-Arias

October 23, 2000

Case No. (Crim.) M-17834

BY JUDGE JONATHAN C. THACHER

The defendant herein, Rolando Lizazu-Arias is charged with driving while intoxicated pursuant to Virginia Code § 18.2-266. At trial, the defendant objected to the admission of the Certificate of Blood Alcohol Analysis into evidence, based on the failure of the breath testing operator to follow the procedures for such testing promulgated by the Department of Criminal Justice Services, Division of Forensic Science.

The facts of the case are not materially in dispute. Following the defendant's arrest, he was transported by the police to the ASAP unit to undergo a blood alcohol analysis (breath test). The Commonwealth concedes that Officer Bateman, the breath test operator, did not comply with the procedure outlined in Virginia Administrative Code 30-50-90(c). Commonwealth Brief p. 2. Specifically the test sequence placed the solution test before the breath test of the defendant, and only a room air blank followed the actual testing of this defendant.

The Commonwealth argues that there was substantial compliance with the testing procedures and that, pursuant to Virginia Code § 18.2-268.11, such substantial compliance defeats the defendant's objection to admissibility of the Certificate of Blood Alcohol Analysis. The procedure for the taking of evidential breath are set forth in Chapter 50 of the Virginia Administrative Code, 1 VAC 30-50-10 *et seq.* Specifically, 1 VAC 30-50-90 provides:

C. The licensee shall verify that the breath test device is properly calibrated and in proper working order by conducting a room air blank analysis prior to analysis of the breath of the person and by conducting a validation test with a control sample immediately following the analysis of the breath of the person.

The Commonwealth asks the court to accept the breath test operator's testimony "that the machine was working properly" as the basis for substantial compliance. The Commonwealth further argues that the failure to comply with VAC 30-50-90 did not prove prejudicial to the defendant. Finally, the Commonwealth suggests that the machine utilized, the Intoxilizer 5000, has its own internal procedure for conducting room air blanks, verification testing, and subject testing and, as such, cannot comply with VAC 30-50-90 but that nevertheless the purpose of VAC 30-50-90 has been met.

No evidence was proffered nor received as to the effect of reversing the sequence of machine testing and placing the solution test before the subject test. The Commonwealth relies instead upon the officer's testimony that the machine was "working properly." Absent evidence to establish the validity of the testing procedures, the court is without a foundation to conclude that the test was conducted in accordance with the guidelines established for its use and assurance of the accuracy of the results.

Based upon the singular facts of this case, it is clear that substantial compliance with the procedures established to insure the accuracy of the breath test equipment did not occur. The motion of the defendant to exclude the Breath Analysis Certificate is granted. The matter is returned to the trial docket for such further evidence as the Commonwealth may advance and for the remainder of trial.